STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

LLOYD FARNHAM (CABN 202231)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200

SRIDHAR BABU KAZA (INBN 23454-71)
Trial Attorney,
U.S. Department of Justice, Fraud Section

    950 Pennsylvania Avenue, NW
    Washington, DC 20005
    Telephone: (202) 531-1481
    sridhar.babu.kaza@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:21-71156-MAG |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER TO CONTINUE HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND FED. R. CRIM. P. 5.1 |
| v. | |
| JULI MAZI, | |
| Defendant. | |

Defendant Juli Mazi made an initial appearance in this case on July 15, 2021. Defendant Mazi was released on pretrial services supervision, $100,000 bond, and release conditions. The Court ordered that Defendant Mazi's preliminary hearing be held on August 5, 2021, at 10:30 a.m. At the parties' request, the Court previously continued the preliminary hearing four times and excluded time under the Speedy Trial Act from August 5, 2021, through December 9, 2021. Defendant Mazi waived the preliminary hearing, and on December 9, 2021, the Court ordered an arraignment to be conducted on

STIPULATION AND [PROPOSED] ORDER TO EXCLUDE TIME

1

January 12, 2022, and excluded time under the Speedy Trial Act from December 9, 2021 through January 12, 2022.

The parties have met and conferred and request that this matter be continued from January 12, 2022, to January 28, 2022.  Counsel for Defendant Mazi and counsel for the United States stipulate that time be excluded under the Speedy Trial Act from January 12, 2022, through January 28, 2022. Defendant Mazi also waives through January 28, 2022, the time in which the government is required to file an information or indictment under 18 U.S.C. § 3161(b).

The parties stipulate and agree that the exclusion of time is appropriate under the circumstances—including the current pandemic and shelter-in-place orders—in order to give the parties an opportunity to negotiate the possibility of a pre-indictment resolution, to give defense counsel time to review discovery, which the government represents involves, among other items, thousands of pages of patient medical and billing records, reports of investigation, and recordings of recorded conversations, and to give the government additional time to return and file an indictment or information.  *See* 18 U.S.C. §§ 3161(b), 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), and 3161(h)(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days…. In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The parties further stipulate and agree that the ends of justice served by excluding time from January 12, 2022, through January 28, 2022, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. §§ 3161(h)(7)(A) & (B)(ii)-(iv).

SO STIPULATED.

STIPULATION AND [PROPOSED] ORDER TO EXCLUDE TIME

| | |
|---|---|
| Dated: January 11, 2022 | STEPHANIE M. HINDS<br>United States Attorney |
| | /s/<br>LLOYD FARNHAM<br>Assistant United States Attorney<br>SRIDHAR BABU KAZA<br>Trial Attorney |
| Dated: January 11, 2022 | /s/<br>PHILIP A. SCHNAYERSON<br>Counsel for Defendant Juli Mazzi |

**[PROPOSED] ORDER**

Pursuant to the stipulation of the parties, the arraignment currently set for January 12, 2022, is HEREBY CONTINUED to January 28, 2022.

Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from January 12, 2022, through and including January 28, 2022, would unreasonably deny defense counsel and Defendant Mazi the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds that excluding the time from January 12, 2022, through and including January 28, 2022, is appropriate in light of the complexity of the case, and the amount of time necessary to return and file an indictment under the circumstances, including the current pandemic, within the time specified by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days…. In the case at bar, efficiency and economy were definitely served by the

STIPULATION AND [PROPOSED] ORDER TO EXCLUDE TIME

3

sixty day extension.").

The Court further finds that the ends of justice served by excluding the time January 12, 2022, through and including January 28, 2022, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial.

Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from January 12, 2022, through and including January 28, 2022, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).  The Court also orders that the time in which the government is required to file an information or indictment under 18 U.S.C. § 3161(b) is waived with the consent of the Defendant through January 28, 2022.

IT IS SO ORDERED.

Dated: _____

HON. SALLIE KIM
United States Magistrate Judge

STIPULATION AND [PROPOSED] ORDER TO EXCLUDE TIME

4