1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  KATHERINE M. LLOYD-LOVETT (CABN 276256)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       katherine.lloyd-lovett@usdoj.gov

8  SRIDHAR BABU KAZA (INBN 23454-71)
   Trial Attorney,
9  U.S. Department of Justice, Fraud Section

10      950 Pennsylvania Avenue, NW
        Washington, DC 20005
11      Telephone: (202) 531-1481
        sridhar.babu.kaza@usdoj.gov
12
   Attorneys for United States of America
13
                        UNITED STATES DISTRICT COURT
14
                       NORTHERN DISTRICT OF CALIFORNIA
15
                              SAN FRANCISCO DIVISION
16

17 UNITED STATES OF AMERICA,              ) CASE NO. 3:21-71156-MAG
                                          )
18      Plaintiff,                        ) STIPULATION AND ORDER TO CONTINUE
                                          ) HEARING AND EXCLUDE TIME UNDER THE
19    v.                                  ) SPEEDY TRIAL ACT AND FED. R. CRIM. P. 5.1
                                          )
20 JULI MAZI,                             )
                                          )
21      Defendant.                        )
                                          )

22

23     Defendant Juli Mazi made an initial appearance in this case on July 15, 2021. Defendant Mazi

24 was released on pretrial services supervision, $100,000 bond, and release conditions. The Court ordered

25 that Defendant Mazi's preliminary hearing be held on August 5, 2021, at 10:30 a.m. At the parties'

26 request, the Court previously continued the preliminary hearing four times and excluded time under the

27 Speedy Trial Act from August 5, 2021, through December 9, 2021. Defendant Mazi waived the

28
   STIPULATION AND ORDER TO EXCLUDE TIME
   Case No. 3:21-71156-MAG
                                               1

preliminary hearing, and on December 9, 2021, the Court ordered an arraignment to be conducted on January 12, 2022, and excluded time under the Speedy Trial Act from December 9, 2021, through January 12, 2022.  At the parties' request, the Court previously continued the arraignment to and excluded time under the Speedy Trial Act from January 12, 2022, through January 28, 2022.

The parties have met and conferred and request that this matter be continued from January 28, 2022, to February 3, 2022.  Counsel for Defendant Mazi and counsel for the United States stipulate that time be excluded under the Speedy Trial Act from January 28, 2022, through February 3, 2022. Defendant Mazi also waives through February 3, 2022, the time in which the government is required to file an information or indictment under 18 U.S.C. § 3161(b).

The parties stipulate and agree that the exclusion of time is appropriate under the circumstances—including the current pandemic and shelter-in-place orders—in order to give the parties an opportunity to negotiate the possibility of a pre-indictment resolution, to give defense counsel time to review discovery, which the government represents involves, among other items, thousands of pages of patient medical and billing records, reports of investigation, and recordings of recorded conversations, and to give the government additional time to return and file an indictment or information.  *See* 18 U.S.C. §§ 3161(b), 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), and 3161(h)(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days…. In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The parties further stipulate and agree that the ends of justice served by excluding time from January 28, 2022, through February 3, 2022, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. §§ 3161(h)(7)(A) & (B)(ii)-(iv).

//

SO STIPULATED.

Dated: January 27, 2022                         STEPHANIE M. HINDS
United States Attorney

/s/
KATHERINE M. LLOYD-LOVETT
Assistant United States Attorney
SRIDHAR BABU KAZA
Trial Attorney

Dated: January 27, 2022

/s/
PHILIP A. SCHNAYERSON
Counsel for Defendant Juli Mazzi

## ORDER

Pursuant to the stipulation of the parties, the arraignment currently set for January 28, 2022, is HEREBY CONTINUED to February 3, 2022.

Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from January 28, 2022, through and including February 3, 2022, would unreasonably deny defense counsel and Defendant Mazi the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds that excluding the time from January 28, 2022, through and including February 3, 2022, is appropriate in light of the complexity of the case, and the amount of time necessary to return and file an indictment under the circumstances, including the current pandemic, within the time specified by 18 U.S.C. § 3161(b). *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an

STIPULATION AND ORDER TO EXCLUDE TIME
Case No. 3:21-71156-MAG

3

indictment within thirty days…. In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time January 28, 2022, through and including February 3, 2022, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial.

Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from January 28, 2022, through and including February 3, 2022, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).  The Court also orders that the time in which the government is required to file an information or indictment under 18 U.S.C. § 3161(b) is waived with the consent of the Defendant through February 3, 2022.

IT IS SO ORDERED.

Dated: January 27, 2022

HON. SALLIE KIM
United States Magistrate Judge

STIPULATION AND ORDER TO EXCLUDE TIME
Case No. 3:21-71156-MAG

4