IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>   Plaintiff,<br><br>  v.<br><br>JULI MAZI,<br><br>   Defendant. | Case No. 22-cr-00036-CRB-1<br><br>**ORDER PERMITTING DEFENDANT TO PROCEED *PRO SE*** |

On April 6, 2022, Defendant Juli Mazi pleaded guilty to one count of wire fraud and one count of false statements related to health care matters. See Plea Hearing (dkt. 26); Plea Agreement (dkt. 27). Defendant admitted to "engag[ing] in a fraudulent scheme involving the use of interstate wires and ma[king] false statements relating to health care matters in connection with offering and selling homeoprophylaxis immunizations, and fabricating vaccine record cards in order to falsely make it appear that customers received government approved or authorized vaccines." Plea Agreement ¶ 2.

On June 30, Defendant sent the Court a letter under seal suggesting that this plea agreement was coerced. Dkt. 37. At a hearing on July 6, Defendant stated that she wanted to dismiss her retained counsel, Philip Allen Schnayerson, and to proceed pro se. Dkt. 38. Understanding its duty under Faretta v. California, 422 U.S. 806 (1975), the Court held a hearing on July 11 devoted to whether Defendant makes the choice to represent herself knowingly, intelligently, and voluntarily.

At the hearing, the Court repeated to Defendant the nature of the two charges against her, the possible penalties, and the dangers and disadvantages of self-representation. See United States v. Farhad, 190 F.3d 1097, 1099 (9th Cir. 1999). The

Court thoroughly explained the consequences of waiving her right to appointed counsel. The Court also explained that, if Defendant does not show coercion or fraud and the Court permits her to withdraw the plea, statements in that plea are admissible against her at trial. The undersigned judge recommended that, in the Court's view, a trained lawyer—whether Schnayerson or someone else—would be far better able to defend her.

Based on Defendant's responses at the hearing, this order finds as follows: Defendant understands the charges against her and the possible penalties. Defendant understands the dangers and disadvantages of self-representation. Defendant understands that she has a constitutional right to a lawyer, but has refused one. Defendant has unequivocally and voluntarily waived her right to a lawyer and has unequivocally and voluntarily exercised her constitutional right to represent herself. Defendant understands the consequences of her decision and is mentally competent to make this decision.

Accordingly, the Court GRANTS Defendant's request to exercise her constitutional right to represent herself. The Court also APPOINTS Schnayerson, whom Defendant had previously retained, to be stand-by counsel.

**IT IS SO ORDERED.**

Dated: July 11, 2022



CHARLES R. BREYER
United States District Judge