STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KATHERINE M. LLOYD-LOVETT (CABN 276256)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Katherine.Lloyd-Lovett@usdoj.gov

LORINDA I. LARYEA
Acting Chief, Fraud Section

S. BABU KAZA
Trial Attorney, Fraud Section
U.S. Department of Justice

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 22-0036 CRB |
|---|---|
| Plaintiff, | ) **UNITED STATES' OPPOSITION TO DEFENDANT'S REQUEST TO WITHDRAW HER GUILTY PLEA** |
| v. | |
| JULI MAZI, | |
| Defendant. | |

### I.    INTRODUCTION

On April 6, 2022, the defendant, Juli Mazi, knowingly and intelligently pleaded guilty in front of this Court to one count of wire fraud under 18 U.S.C. § 1343 and one count of false statements related to health care matters under 18 U.S.C. § 1035 pursuant to a plea agreement with the government. The defendant had willingly and eagerly cooperated with the United States for months to obtain this plea

agreement. However, on July 11, 2022, the defendant filed a document with this Court that does not facially request any action from the Court or specify any contested legal issue, but appears implicitly to ask the Court for permission to withdraw her guilty plea.

The defendant's apparent request to withdraw her guilty plea should be denied for three reasons. First, the plea agreement itself precludes her from withdrawing her plea. Second, she fails to meet the legal standard in Fed. R. Crim. P. 11(d)(2)(b) for withdrawing a plea. Third, granting the defendant's request would set a precedent which undermines the "fair and just" requirement for plea withdrawal.

## II.     FACTUAL BACKGROUND

### A. The Charges

Between November 2019 and July 2021, the defendant, a licensed naturopathic doctor, engaged in a scheme to fabricate and sell Centers for Disease Control ("CDC") COVID-19 vaccination record cards and other immunization record cards with the intent that the cards would be used to fraudulently represent that the cardholders had received the COVID-19 vaccine or had received vaccinations required for enrollment in California schools. *See* Dkt 1 (Complaint) ¶ 5. Rather than provide her customers with authorized vaccinations, the defendant provided homeoprophylaxis "pellets" which she claimed would have the same effectiveness. *See id.* The defendant instructed her customers on how to enter false dates and false vaccine lot numbers on the cards, in order to make them appear legitimate. *See id.* at ¶ 6. As a result of her sale of fake immunization cards, the defendant received at least $74,483. Dkt 22 (Information) ¶ 13. Based on the defendant's sale of the fake cards, she was charged by Information with one count of wire fraud pursuant to 18 U.S.C. § 1343 and one count of false statements related to health care matters, pursuant to 18 U.S.C. § 1035. *Id.*.

### B. The Plea Agreement

On February 2, 2022, the defendant signed a plea agreement with the United States admitting that she is "guilty of the offenses to which [she is] pleading guilty," namely, 18 U.S.C. § 1343 and 18 U.S.C. § 1035. Dkt 27 ¶ 2 (Plea Agreement). In the agreement, the defendant confirmed that she "engaged in a fraudulent scheme" where she sold immunization pellets that did not satisfy state immunization requirements via interstate wire and made false statements on U.S. CDC COVID-19 Vaccination Record Cards knowing that they would be used to for misleading purposes. *Id.*

1    The defendant was fully informed in the plea agreement, and at the change of plea hearing, of the consequences of pleading guilty. She was informed of the maximum penalties for violating § 1343 and § 1035 and all the elements of the offenses. *Id*. at ¶ 1. She also agreed to "give up all rights that [she] would have if [she] chose to proceed to trial, including…to present evidence." *Id*. at ¶ 3. She was informed that "this waiver includes…any and all constitutional or legal challenges to [her] convictions and guilty pleas, including arguments that the statutes to which [she is] pleading guilty are unconstitutional, and…the statement of facts provided herein are insufficient…." *Id*. at ¶ 4. She agreed "not to ask the Court to withdraw [her] guilty pleas at any time" and that "regardless of the sentence that the Court imposes…[she] will not be entitled, nor will [she] ask, to withdraw [her] guilty plea." *Id*. at ¶ 6. In addition, she confirmed that she "had adequate time to discuss this case, the evidence, and the Agreement with [her] attorney and that [her] attorney has provided [her] with all the legal advice that [she] requested," her "decision to enter a guilty plea is made knowing the charges…and the benefits and possible detriments of proceeding to trial," and her "decision to plead guilty is made voluntarily, and no one coerced or threatened [her] to enter into this agreement." *Id*. at ¶¶ 20, 22.

The defendant had also enthusiastically cooperated with the government over an extended period prior to obtaining this plea agreement. She voluntarily engaged in a two-hour proffer with the government on October 27, 2021, and a one-hour proffer on April 6, 2022, in which she described her CDC card and immunization pellet sales. *See* Declaration of S. Babu Kaza in Support of United States' Opposition ("Kaza Decl."), ¶ 2. The defendant, through her counsel, communicated to the government on January 20, 2022, that she put 72 hours of work into compiling information on her customer records, "had to cancel everything on [her] schedule" to do so, and hoped that this would "be emphasized, in terms of [her] cooperation." *See* Kaza Decl. at ¶ 3. On April 5, 2022, defendant, through counsel, sent the government a compilation of emails between her and her office manager, and informed the government that she spent 6 hours compiling the emails. *See id*.

Ultimately, the defendant obtained a cooperation plea agreement in which the government agreed "not to file any additional charges" beyond the two counts in the Information, and "to recommend a sentence no higher than the range set out in [the agreement.]" Dkt 27 ¶ 18 (Plea Agreement).

**C. The Plea Colloquy**

On April 6, 2022, during her plea colloquy with this Court, the defendant confirmed under oath and on the record that she was satisfied with the representation that she received from her counsel and that she understood the nature of the two charges against her, the possible penalties, the rights she was waiving, and the consequences of pleading guilty. *See* Fed. R. Crim P. 11(b)(1); *see generally* Dkt 44 (April 6, 2022 transcript). The defendant repeatedly affirmed that she had not been coerced or threatened to plead guilty. Dkt 44 at 4 ("THE COURT: Has anyone threatened you in any way to persuade you to accepted the agreement? THE DEFENDANT: No."); *id.* ("THE COURT: Has anyone attempted in any way to force you to plead guilty or otherwise threatened you? THE DEFENDANT: No."); *id.* at 5 ("THE COURT: Are you pleading guilty of your own free will because you are guilty? THE DEFENDANT: Yes."). In addition, the defendant acknowledged that the facts identified in the plea agreement accurately identified her criminal conduct. *Id.* at 8. The defendant then pled guilty to both counts in the Information. *Id.* at 9.

At the conclusion of the colloquy, the Court determined that the plea was voluntary and the plea was accepted. *Id*. at 9 ("It is the finding of the Court that the defendant is fully competent and capable of entering an informed plea; the defendant is aware of the nature of the charges, the consequences of the pleas; and that the pleas of guilty are knowing and voluntary pleas supported by an independent basis in fact containing each of the essential elements of the offenses. The pleas are therefore accepted, and the defendant is now judged guilty of those offenses. The Court then accepted the defendant's guilty plea and scheduled her sentencing hearing for July 29, 2022.").

**D. The Defendant's Request to Withdraw Her Guilty Plea**

On June 3, 2022, nearly two months after her guilty plea, the defendant filed a document entitled "Affidavit of Instruction." Dkt 33. While she did not request any specific relief in the filing, the defendant appeared to be distressed by the media attention that had been paid to her case since her arrest and guilty plea. *See id.* at 5 ("[T]he media had absolutely slandered me, and they continue to do so."). The filing suggests, without explicitly so stating, that the negative consequences that had followed from her guilty plea—including loss of business and community ostracization—had led her to have a change

of heart about the wisdom of her guilty plea. *See id.* at 7 ("It has been one devastation after the next, but still I fight.").

On July 6, 2022, and July 11, 2022, the defendant and her counsel appeared before the Court at under seal hearings in which the government was not a participant. The Court subsequently issued an order, Dkt 39, stating that the defendant had suggested in an under seal letter sent to the Court that her "plea agreement was coerced." Dkt 39 (citing Dkt 37). The Court subsequently set a hearing on the defendant's motion to withdraw her guilty plea for August 10, 2022. The government is not in possession of a copy of the under-seal letter filed at Docket 37. Nonetheless, from the above-described series of events, the government understands that defendant wishes to withdraw her guilty plea, although she has not filed papers on the public record specifically stating that intention or explaining the coercion allegation set forth in her under seal letter to the Court.[1]

On July 11, 2022, the defendant filed a document containing grievances concerning the federal government's response to the COVID-19 pandemic, disparate scientific assertions about chemicals in vaccines, and a conclusion stating that people are obligated to violate laws they believe are unjust. *See generally* Dkt 40 (Defendant Affidavit). Although the document does not request any action from the Court, the government assumes that, through this filing, the defendant is requesting to withdraw her guilty plea, as the document was filed on PACER under the heading "MOTION to Withdraw Plea of Guilty." *Id.*

### III.   LEGAL STANDARD

At the outset, a plea agreement is contractual in nature. *See United States v. Lo,* 839 F.3d 777, 783 (9th Cir. 2016). Courts generally "enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *Id.* A waiver is enforceable if it is knowingly and voluntarily made. *Id.* at 783.

A defendant cannot withdraw her guilty plea "simply on a lark," particularly not "[a]fter the defendant has sworn in open court that [s]he actually committed the crimes, after [s]he stated that [s]he is pleading guilty because [s]he is guilty, after the court has found a factual basis for the plea, and after

---

[1] Should the defendant raise allegations for the first time in the public record concerning coercion or fraud in reply briefing, the government would respectfully request the Court's permission to respond to those newly-raised allegations in a sur-reply brief. As the record currently stands, the government can only speculate as to the contents of the defendant's under seal letter submitted to the Court.

the court has explicitly announced that it accepts the plea." *United States v. Hyde*, 520 U.S. 670, 676-77 (1997) (describing a guilty plea as a "grave and solemn act, which is accepted only with care and discernment," and not "a temporary and meaningless formality reversible at the defendant's whim"). The Ninth Circuit has emphasized that "withdrawal is, as it ought to be, the exception," not the rule, *United States v. Ensminger,* 567 F.3d 587, 593 (9th Cir. 2009), because allowing overly liberal withdrawal would "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Hyde,* 520 U.S. at 676-77.

Accordingly, a defendant may only withdraw a plea of guilty prior to the imposition of a sentence if the defendant "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating a fair and just reason for withdrawal of a plea.…" *United States v. Davis,* 428 F.3d 802, 805 (9th Cir. 2005). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, *or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.*" *Id.* (emphasis in original). Fair and just reasons do not include "a change of heart—even a 'good faith change of heart.'" *United States v. Rios-Ortiz,* 830 F.2d 1067, 1069 (9th Cir. 1987).

"Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross,* 511 F.3d 1233, 1237 (9th Cir. 2008); *see also United States v. Anderson*, 993 F.2d 1435, 1438 (9th Cir. 1993) ("statements made by a criminal defendant contemporaneously with his plea should be accorded great weight because 'solemn declarations made in open court carry a strong presumption of verity'") (citation omitted).

### IV.   ARGUMENT

**A. The express language of the plea agreement precludes withdrawal of the defendant's guilty plea.**

The defendant entered into an agreement with the United States that expressly prohibits her from withdrawing her guilty pleas. This alone is a basis for this Court to deny the defendant's motion. Waiver provisions in plea agreements are enforceable if they are facially clear, unambiguous, and entered into knowingly and voluntarily. *Lo,* 839 F.3d at 783.

The waiver provision in this plea agreement is facially clear and unambiguous, based on a plain reading of its express language. Moreover, in *United States v. Davis,* the court denied the defendant's motion to withdraw his guilty plea based in part on a waiver provision nearly identical to the one in Mazi's plea agreement: the defendant agreed "not to ask the court to withdraw [his] guilty pleas at any time after they are entered unless the Court declines to accept the sentence agreed to by the parties." No. CR 07-00270 JSW, 2008 WL 793820, at *2 (N.D. Cal. Mar. 24, 2008) (internal quotation marks omitted). In the *Davis* case, Judge White ruled that "the express language of the waiver is clear and unambiguous." *Id*. The express language of the waiver in Mazi's plea agreement is equally clear and unambiguous: "I agree not to ask the Court to withdraw my guilty pleas at any time after they are entered." Dkt 27 ¶ 6 (Plea Agreement).

The defendant also confirmed that she entered this agreement knowingly and voluntarily. *Id*. at ¶ 22. As in *Davis,* the Court in this case conducted a detailed plea colloquy and found the defendant was competent and had entered into an informed, knowing, and voluntary plea. And, unlike in *Davis,* the defendant here does not claim otherwise. *See* Dkt 40.

Thus, the defendant knowingly and voluntarily waived her ability to withdraw her pleas in a waiver provision in the plea agreement that was clear and unambiguous on its face. This waiver provision is enforceable and precludes defendant's attempt to withdraw her guilty pleas. The defendant does not argue otherwise. Instead, she airs an irrelevant list of complaints about the government's response to the COVID-19 pandemic. This is not an adequate basis to render the parties' agreed-upon waiver provision unenforceable, as further discussed below. The defendant's motion should be denied.

**B. The defendant failed to meet her burden to demonstrate fair and just reasons for withdrawing her plea.**

The defendant has not asserted any fair and just reasons for withdrawing her guilty plea as required under Fed. R. Crim. P. 11(d)(2)(B). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, *or any other reason for withdrawing the plea that did not exist when the defendant entered [her] plea.*" *Davis,* 429 F.3d at 805. A plea colloquy that confirms the defendant understands the elements of the charged crimes and has no

remaining questions about the plea is adequate. *United States v. Peterson*, 995 F.3d 1061 (9th Cir. 2021). "Change of heart" is not a fair and just reason. *Rios-Ortiz,* 830 F.2d at 1069 (9th Cir. 1987).

The defendant has failed to establish, or even reference, any fair and just reason under Rule 11. The Rule 11 plea colloquy that the defendant engaged in with this Court was adequate. Like the colloquy in *Peterson,* the defendant confirmed that she understood the elements of the charged crimes and consequences of pleading guilty, and pleaded guilty. Her statements in open court are entitled to a strong presumption of veracity. *Ross,* 511 F.3d at 1237. There has been no newly-discovered evidence or intervening circumstance between April 6 and July 11, 2022. All of the evidence in the defendant's motion (descriptions of the government's response to COVID-19 and various assertions about chemicals in vaccines) existed prior to the defendant signing the plea agreement on April 6. Nowhere in the public record or the defendant's filing does she allege ineffective assistance or coercion from her attorney. In fact, the defendant confirmed in the plea agreement that "no one coerced or threatened" her. Dkt 27 ¶ 22 (Plea Agreement). The defendant's sole argument appears to be that the "law" is unjust, and she must therefore withdraw her guilty plea. Such a belief is not a fair and just reason for withdrawal of a guilty plea, and can be more accurately characterized as a "change of heart," which the Ninth Circuit has explicitly rejected as a basis for withdrawal.

**C. Granting the defendant's request would set a precedent that mere dislike of a government policy can be a "fair and just" reason to withdraw from a plea.**

The defendant's argument is grounded on her assertion that people are obligated to violate laws they do not agree with. Dkt 40 at 53 (Defendant Affidavit) (quoting Thomas Jefferson's statement, "if a law is unjust, a man is not only right to disobey it, he is obligated to do so," and describing the vaccine mandate as "unethical"). Accordingly, even if the defendant were permitted to withdraw her plea and proceed to trial, she has not articulated a defense that could even be lawfully presented to a jury. *See 1.1 Duty of Jury*, UNITED STATES COURTS FOR THE NINTH CIRCUIT, https://www.ce9.uscourts.gov/jury-instructions/node/300, (Dec. 2019) (stating that jurors have the duty to "apply the law as [the judge] gives[s] it to you, whether you agree with the law or not" without being influenced by "personal likes or dislikes, …sympathy, prejudice, fear, [or] public opinion"). Further, even accepting the defendant's premise, she has failed to reference the "law" she is compelled to violate. At most, she indicates that she

was "help[ing] people overcome the vaccine mandate," but she does not address the actual statutes at issue, 18 U.S.C. § 1343 and § 1035. Dkt 40 at 53 (Defendant Affidavit).

Granting the defendant's request on the eve of her previously-set sentencing date based on the inadequate grounds that she has presented will undermine the finality of guilty pleas. The defendant considered the plea agreement for months while cooperating with the government, pleaded guilty, and then waited three months before attempting to revoke the plea. This raises the Supreme Court's concern in *Hyde* – that guilty pleas might become "a temporary and meaningless formality reversible at the defendant's whim…akin to a move in a game of chess." *See Hyde*, 520 U.S. at 676-77 (citations omitted); *see also United States v. Windley,* No. CR-10-660-2-PHX-DGC, 2012 WL 5471764 (D. Ariz. Nov. 9, 2012) ("Courts have recognized that Defendants should not be permitted to withdraw from guilty pleas when the withdrawals would result in inconvenience to the Court and a waste of judicial resources," and especially when defendant has made "a mockery of the criminal justice system" in part because he has not presented any valid reasons for withdrawal of his plea).

Ultimately, granting the defendant's untimely request on the eve of the previously-set date for sentencing, based on a non-legal assertion that the administration of the COVID-19 vaccine is unjust, will diminish the seriousness and significance behind pleading guilty and complying with the government's laws.

### V.   CONCLUSION

For the reasons set forth above, the government respectfully requests that this Court deny the defendant's motion to withdraw her guilty plea.

DATED: July 18, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

_____/s/_____
KATHERINE M. LLOYD-LOVETT
Assistant United States Attorney

_____/s/_____
S. BABU KAZA
Trial Attorney