STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

GLENN S. LEON
Chief
Criminal Division, Fraud Section

KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6912
    FAX: (415) 436-7027
    Kristina.Green@usdoj.gov

S. BABU KAZA (DCBN 1033670)
Trial Attorney, Fraud Section
U.S. Department of Justice

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 22-CR-36 CRB |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| JULI MAZI, | Hearing Date: November 29, 2022<br>Time: 12:00 p.m.<br>Judge: Hon. Charles R. Breyer |
| Defendant. | |

## I. INTRODUCTION

On April 6, 2022, defendant Juli Mazi pleaded guilty to Counts One and Two of the Information, charging her with false statements related to health care matters in violation of 18 U.S.C. § 1035, and

UNITED STATES' SENTENCING MEMORANDUM   1
22-CR-36 CRB

wire fraud in violation of 18 U.S.C. § 1343.  *See* Presentence Investigation Report ("PSR") ¶¶ 1-2.  The government respectfully recommends that the court impose a sentence of 33 months confinement, 3 years supervised release, and a $200 special assessment, in conjunction with forfeiture of $74,483 of criminal proceeds.

## II.     BACKGROUND

### A.     Offense Conduct

The United States concurs with Probation's description of the offense conduct. PSR ¶¶ 6-10.  The defendant concocted a fraudulent scheme to sell homeoprophylaxis pellets as an alternative to vaccinations required for admission to California schools, and accompanied the pellets with immunization "cards" which falsely indicated that an authorized vaccine was administered.  The defendant expanded on this scheme with the outbreak of COVID-19, and similarly sold homeoprophylaxis pellets for immunization against COVID-19, accompanied by fake Centers for Disease Control and Prevention ("CDC") vaccination record cards with instructions on how to complete the cards to make it appear that a COVID-19 vaccine authorized by the Food and Drug Administration ("FDA") was administered. PSR ¶¶ 7-9.  Mazi misused her status as a licensed Naturopathic doctor to profit through the provision of fake immunization cards, which served to mislead schools and the public that individuals were vaccinated when in fact they were not.  PSR ¶ 8.

### B.     Applicable Guidelines Calculation

On April 6, 2022, Mazi pleaded guilty to Counts One and Two of the Information charging her with false statements related to health care matters in violation of 18 U.S.C. § 1035 and wire fraud in violation of 18 U.S.C. § 1343.  *See* PSR ¶¶ 1–2.  The government's guidelines calculation comports with that of Probation.  Probation has calculated a total offense level of 18.  PSR ¶¶ 16–28.  The government agrees with Probation's determination that Mazi has 0 criminal history points and is in Criminal History Category I.  PSR ¶¶ 29-35.  The resulting guidelines range is 27 to 33 months.  PSR ¶ 62.  Probation recommends a sentence of 27 months confinement, 3 years supervised release, and a $200 special assessment.  *See* PSR, Sentencing Recommendation.  The United States concurs with Probation's

guidelines calculation and sentence recommendation, with the exception of the period of confinement. As discussed further below, Mazi's conduct warrants a sentence of confinement of 33 months.

## III. DISCUSSION

### A. Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2), specifically to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the guidelines. *Id.*

After determining the appropriate guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93. Under Section 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need for the sentence imposed to protect the public from further crimes of the defendant; and

(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B. A Sentence of Thirty-Three Months Confinement is Sufficient and Not Greater Than Necessary to Comply With 18 U.S.C. § 3553(a).

Mazi's conduct was an egregious betrayal of public trust, which warrants maximum confinement under the applicable guidelines range. Contrary to Mazi's purported belief that she was merely allowing

her customers to be free from vaccine mandates, she deprived the public of its freedom to decide how to interact with those who were unvaccinated. While Mazi's customers were entitled to choose whether they would or would not be vaccinated, that entitlement does not extend to tricking the public and withholding information required for the public to make informed health decisions. For example, individuals of particular susceptibility to COVID-19 were, if they so desired, entitled to control their contact with unvaccinated individuals, but Mazi's scheme would serve to deprive them of that essential option.

Mazi initially cooperated with the government's investigation, participating in two proffer sessions, as well as compiling records of her customer purchases and relevant email messages, and providing them to the government in a usable format. The government was able to use this information to identify and prosecute additional individuals involved in Mazi's scheme, to include Ranaa Shamiya, Jaimi Jansen and Jason Costanza. Mazi's initial cooperation, however, is negated by her subsequent attempt to withdraw her guilty plea, and to actively work against the Government by attempting to disrupt the Jansen and Shamiya related cases. As identified in the PSR, Mazi sent text messages to Jansen and Shamiya immediately prior to their guilty pleas, encouraging them to withdraw from their plea agreements. PSR ¶ 12. Screenshots of Mazi's messages were provided to the Government by Jansen and Shamiya's respective counsel, and are appended to this memorandum (Exhibit A).

Mazi's attempts to dissuade Jansen and Shamiya's continued cooperation are violations of paragraphs 10 and 12 of her plea agreement. Accordingly, the government in its discretion will not file a motion pursuant to U.S.S.G. § 5K1.1. Rather, the government's consideration for Mazi's initial assistance to the investigation is that it will not withdraw from the plea agreement, and will continue to request a sentence which falls within the plea agreement's guidelines range. But in light of Mazi's post-plea actions, to include her statements in filings to this Court which reflect a lack of acknowledgment of the seriousness of her misconduct and its impact on the public, a maximum sentence within the agreed guidelines range is consistent with the requirements of 18 U.S.C. § 3553, and adequately reflects the seriousness of the offenses, promotes respect for the law, provides just punishment and affords adequate deterrence. 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court impose a sentence of 33 months confinement, 3 years supervised release and a $200 special assessment.

DATED: November 22, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

 /s/ S. Babu Kaza
S. BABU KAZA
Trial Attorney

UNITED STATES' SENTENCING MEMORANDUM   5
22-CR-36 CRB